IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:20-CV-631-FL

| | |
|---|---|
| JOHN THOMAS COLEY, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| DURHAM VA MEDICAL CENTER, | ) |
| Defendant. | ) |

This pro se case is before the court on the motion to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2) [DE-1] by plaintiff John Thomas Coley ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. However, for the reasons explained below, it will be recommended that this action be transferred to the United States District Court for the Middle District of North Carolina.

28 U.S.C. § 1391 provides the statutory framework for determining proper venue. Because plaintiff has named the United States Department of Veterans Affairs ("VA") as the defendant, 28 U.S.C. § 1391(e) provides the applicable venue rule. This section provides that where a defendant is an agency of the United States, such as the VA, proper venue lies in one of the following judicial districts:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

The defendant VA resides in the District of Columbia. *See Johnson v. United States*, 82 Fed. Cl. 150, 153 n.5 (2008) (noting that the district of residence for the VA for the purposes of 18 U.S.C. § 1391(e) is the District of Columbia). Thus, under § 1391(e)(1)(A), proper venue would lie in the District of Columbia. Plaintiff resides in Durham, North Carolina, and Durham County, falls within the Middle District of North Carolina. *See* 28 U.S.C. § 113(b). Thus, under § 1391(e)(1)(C), venue would also be proper in the Middle District of North Carolina. Finally, the basis of plaintiff's complaint is regarding medical treatment obtained at the Durham Veteran's Administration Medical Center in Durham, North Carolina. (*See* Compl. [DE-1] at 2). Thus, it appears that the events giving rise to plaintiff's claim, which is the criteria set out in § 1391(e)(1)(B), arguably occurred in either the District of Columbia or the Middle District of North Carolina. Consequently, the court concludes that proper venue for this matter would lie in either the District of Columbia or the Middle District of North Carolina.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988) (holding that a transfer may be made pursuant to section 28 U.S.C. § 1406(a) for any reason which constitutes an impediment to a decision on the merits even where venue is proper in the transferor court); *see also Quinn v. Watson*, 145 Fed. Appx. 799, 800 (4th Cir. 2005) (holding that "the choice to transfer or dismiss a case afforded by § 1406(a) lies within the sound discretion of the district court"). It appearing that venue is not proper in this district and that a transfer of venue would be in the interest of justice, it is RECOMMENDED that this case be transferred to the Middle District of North Carolina, the judicial district in which plaintiff resides.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on plaintiff or, if represented, his counsel.  Plaintiff shall have until **June 21, 2021** to file written objections to the Memorandum and Recommendation.  The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions.  *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, June 21, 2021, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review.  In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.  *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

SO ORDERED, this the 7th day of June, 2021.

_____
Brian S. Meyers
United States Magistrate Judge